The opinion of the Court was delivered by
ICevius, J.
The question involved in this case derives some importance from the frequency of suits brought before magistrates on notes similar to the one before us, and from the real or apparent discrepancy in the decisions of this court on the subject. It is proper therefore, to examine the cases involving this question, which have been determined by this court, and if possible to find the principle by which it should be settled. It is not de *266 nied, that the jurisdiction of a justice is limited in amount to one hundred dollai’s, and if the demand on its face exceed that sum, the justice should dismiss the action. And the court will not permit a plaintiff, by voluntary or fictitious credits, to reduce a larger claim to that sum for the purpose of giving jurisdiction to that court. Such has been the repeated decisions of this court, and may be esteemed as settled law. For this we refer to the cases of Price v. Smock, 1 Penn. 206; Sonders v. Stratton, 2 Id. 528; Colman v. Parcell, Id. 561; Rice v. Oxenius, Id. 660; La Rue v. Bouqhaner, 1 South. 104; Hagerty v. Ex’rs of Van Kirk, 4 Hal. 118.
But the conflicting decisions of this court have arisen in cases where the original claim was one hundred dollars or less, and was made to exceed that amount, by adding the interest to the principal sum. In Hopper v. Steelman, 2 Penn. 907 the summons was for ninety-nine dollars and ninety-nine cents, and the demand filed for one hundred dollars. The demand set forth a promissory note for ninety-four dollars and sixty-one cents on which was due fourteen months interest. It was objected that as the principal and interest together exceeded one hundred dollars, the justice had no jurisdiction. But the objection was not sustained, and. the court say, “ a creditor may take any rate of interest less than seven per cent,” which was then the legal rate. It does not appear from the report of this case whether the note was made payable with interest, or whether the fourteen months interest had accrued after its maturity.
The case of Van Giesen v. Van Houten, 2 South. 822 seems from the report to be like the present. It was an action on a promissory note for one hundred dollars payable in sixty days from date, and brought some months after the maturity of the note. There was .a plea to the jurisdiction of the court, which the Chief Justice said “ was a good plea according to the course of decisions here.” No other reason is assigned for this decision, nor are any cases referred to, nor have I been able to find any in. support of it. The case seems to have been orally and perhaps hastily decided at the bar and 1 am inclined to think not accurately reported.
The next case is that of Saddle River v. Colfax, 1 Hal. 115 where the court says, “ that although the amount due to the *267 plaintiff will exceed one hundred dollars if interest be computed at seven per cent, yet the law mentions this rate only to prohibit men from taking more and that a creditor might take less if he pleased,” and sustained the jurisdiction. This suit was for an account originally less than one hundred dollars. The last case to which I will refer is that of Griffith v. Clute, 4 Hal. 264, in which the court recognized the principle in 1 Hal. 115, but in order to reconcile it with the decisions in Van Giesen v. Van Houten, adjudged that a plaintiff might relinquish a part of the interest lawfully due him, in order to reduce his claim to one hundred dollars, but could not relinquish the whole for that purpose. I confess the reasoning of the Chief Justice in Griffith v. Clute, has failed to satisfy my mind, and I find myself unable to reconcile the decision in Van Giesen v. Van Houten, with the other cases above cited ; nor can I understand upon what principle it is that a plaintiff is permitted to relinquish a part of the interest lawfully due him, but prohibited from relinquishing the whole. Erom a review of the above cases, I consider this as an open question, and do not feel bound by the decisions referred to, farther than they correspond with the principle which I think should govern the case.
Interest is allowed by law as a compensation or reward for the loan of money, or by way of damages for the detention of money due, in violation of a contract to pay. In the former case it is usually reserved by the express terms of the contract betweeit the parties ; in the latter it is payable by virtue of an implied agreement, which the law raises. Where a person enters into an express contract to pay a certain sum of money on a given day, with interest, or with legal interest, or interest at a given rate, there the contract is one and entire, and the creditor cannot voluntarily and without the consent of the debtor, relinquish any part of his contract, principal or interest, in order to,give the justice jurisdiction. But where the contract is to pay one hundred dollars only on a future day-and the debtor fails to make such payment, (he creditor may bring his action for that sum, and relinquish any claim he may lawfully have to damages for the detention of that debt, or for the violation of the contract. So where there is a running account between parties upon which the law would allow interest, the creditor may or may not, at his *268 option, demand it. Upon this principle it is easy to sustain all the cases above cited, except that of Van Giesen v. Van Houten, which I think has virtually been already overruled.
My opinion therefore is, that this action was properly brought before a justice, that he had jurisdiction in the case, that the common pleas erred in nonsuiting the plaintiff, and that the cause should be remanded to that court, to be proceeded in according to law.